1 | **BOUTIN JONES INC.**
Robert R. Rubin #117428
2 | brubin@boutinjones.com
Michael E. Chase #214506
3 | mchase@boutinjones.com
555 Capitol Mall, Suite 1500
4 | Sacramento, CA 95814-4603
Telephone: (916) 321-4444
5 | Facsimile: (916) 441-7597

6 | Attorneys for Plaintiff Karen Field, Trustee of the DeShon Revocable Trust Dated November 20,
2008, First Amendment of Trust Dated January 29, 2009
7

8

9 | UNITED STATES DISTRICT COURT

10 | EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| KAREN FIELD, TRUSTEE OF THE DeSHON REVOCABLE TRUST DATED NOVEMBER 20, 2008, FIRST AMENDMENT OF TRUST DATED JANUARY 29, 2009, | Case No. 2:15-CV-00241-TLN-DAD |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR INTERPLEADER** |
| v. | |
| UNITED STATES OF AMERICA; CALIFORNIA FRANCHISE TAX BOARD, an agency of the State of California; ROGER ARRIETA, an individual; PHILLIP J. BOYLE, and individual; FRANCIS G. CAMERON, JR. an individual; KATHRYN L. CAMERON, an individual; VIVIAN DEMILLE, an individual; SIBYLLE HARRIS, an individual; LESLIE KLOPPENBURG, an individual; RICHARD H. LEMMON, an individual; KATHERINE M. LOPEZ, an individual; WILLIAM J. LOPEZ, an individual; MANYUN NATSU, and individual; PAUL OCHSNER, an individual; MARIE ONDRAKO, an individual; GARY W. ROGERS, as Trustee for Ann V. Rogers Trust; MAURICE SHARP, an individual; DONNA SHARP, an individual; AURELIO VILLEGAS SR., an individual; TERRY VILLEGAS, an individual; AURELIO VILLEGAS JR., an individual; KENNETH P. WALKER, individually and doing business as Aquarius Pool Service; INLAND POWER & LIGHT CO., a Washington corporation; CAPITAL ONE FINANCIAL CORPORATION, a Delaware | |

1

First Amended Complaint for Interpleader

682230.1

1  corporation; DCM SERVICES LLC, a Delaware)
   limited liability company; and CHRYSLER )
2  FINANCIAL SERVICES, a Michigan limited )
   liability company; )
3                                                        )
                            Defendants.           )
4  _____ )

## JURISDICTION AND VENUE

1.      Plaintiff, as trustee, brings this interpleader action against defendants, each of whom claim an interest in funds held in trust by plaintiff, all as more fully described below.  Plaintiff is a citizen of the State of California.

2.      Defendants Roger Arrieta, Francis G. Cameron; Vivian DeMille; Leslie Kloppenburg; Richard H. Lemmon; Katherine M. Lopez; Manyun Natsu; Gary W. Rogers, as Trustee for Ann V. Rogers Trust; Maurice Sharp; Donna Sharp; Aurelio Villegas Jr.; Aurelio Villegas Sr.; Terry Villegas; and Kenneth P. Walker, doing business as Aquarius Pool Service are citizens of the State of California.

3.      Defendant Phillip J. Boyle is a citizen of the State of Ohio.

4.      Defendant Marie Ondrako is a citizen of the State of Colorado.

5.      Defendant Kathryn L. Cameron is a citizen of the State of Oklahoma.

6.      Defendant Sibylle Harris is a citizen of the State of Washington.

7.      Defendant Paul Ochsner is a citizen of the State of Oregon.

8.      Defendant Inland Power & Light Co. is a corporation incorporated under the laws of the State of Washington with its principal place of business in the State of Washington.

9.      Defendant Capital One Financial Corporation is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Virginia.

10.      Defendant DCM Services LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Minnesota.

11.      Defendant Chrysler Financial Services is a corporation incorporated under the laws of the State of Michigan with its principal place of business in State of Michigan.

12.      The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

682230.1

13.    This action arises under federal statutes, 26 U.S.C. §§ 6321 et seq. and 31 U.S.C. §§ 191 et seq.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the action occurred and a substantial part of the property that is the subject of the action is located in this judicial district.

### FACTUAL ALLEGATIONS

14.    Henry DeShon was the settlor of the DeShon Revocable Trust Dated November 20, 2008, First Amendment of Trust Dated January 29, 2009 (the "Trust").  Mr. DeShon died on March 28, 2009.  The Trust became irrevocable upon his death.  Karen Field was appointed Trustee of the Trust on May 6, 2014.

15.    Mr. DeShon held himself out to be a stockbroker, but he was not licensed. Subsequent to his death, an investigation revealed that Mr. DeShon had embezzled money from his clients.

16.    The following defendants filed claims in the Sacramento County Superior Court, which claims were resolved without objection by the Trustee in the amounts reflected below because the defendants were victims of the embezzlement of Mr. DeShon:

| | |
|---|---|
| Roger Arrieta | $10,041 |
| Phillip J. Boyle | $26,496 |
| Francis G. Cameron | $12,500 |
| Kathryn L. Cameron | $12,500 |
| Vivian DeMille | $31,180 |
| Sibylle Harris | $89,243 |
| Leslie Kloppenburg | $153,000 |
| Richard R. Lemmon | $35,000 |
| Katherine Lopez | $25,000 |
| William James Lopez | $265,502 |
| Maryun Natsu | $22,200 |
| Paul Ochsner | $14,925 |

682230.1

| Marie Ondrako | $69,809 |
| Gary W. Rogers, Trustee for the Ann V. Rogers Trust | $100,000 |
| Maurice and Donna Sharp | $15,000 |
| Aurelio Villegas Jr. | $43,620 |
| Aurelio Villegas Sr. & Terry Villegas | $5,711 |

All the above victims except Leslie Kloppenburg, Kathryn L. Cameron, William James Lopez, Vivian DeMille, Roger Arrieta, and Maryun Natsu are also beneficiaries of the Trust.

17.     The following general creditors filed claims in the Sacramento County Superior Court, which claims were allowed in the amounts reflected below:

| Capitol One Bank | $1,986 |
| Inland Power & Light Co. | $99 |
| Kenneth P. Walker, Aquarius Pool Service | $355 |
| DCH Services LLC, Chrysler Financial Services | $8,362 |

18.     Mr. DeShon failed to report the embezzled income on his federal and California income tax returns for 2006, 2007 and 2008.  Approximately five times in 2009 through 2014, the Trust, in attempts to resolve all tax issues, served the Internal Revenue Service and the California Franchise Tax Board with notices of hearing in the Sacramento County Superior Court.  Neither the Internal Revenue Service nor the California Franchise Tax Board ever appeared or responded.  On or about August 30, 2014, plaintiff filed income tax returns for 2008 with the Internal Revenue Service and the California Franchise Tax Board reflecting tax due of $98,929 and $32,204, respectively, which amounts have not been paid.  The federal three-year and six-year statutes of limitation on assessment have expired for years prior to 2008.  The claims of the Internal Revenue Service, the California Franchise Tax Board and the victims arise from the same transactions.  The federal tax lien and the state tax lien will arise upon assessment of the tax due by the Internal Revenue Service and the California Franchise Tax Board.  To date, no notices of federal or state tax lien have been recorded or filed.

First Amended Complaint for Interpleader

682230.1

19.     If plaintiff were to use Trust property to prefer any creditors over the Internal Revenue Service, she would expose herself to personal liability to the Internal Revenue Service pursuant to 31 U.S.C. § 191 et seq.

20.     California law provides that embezzlers do not obtain title to property they embezzled.  Thus, upon information and belief, the victims of the embezzlement assert that the funds held by the Trust are not the property of the Trust.  Rather, the victims assert, the funds held by the Trust are the property of the victims.  Federal and state tax liens would only encumber assets of the Trust, not assets that belonged to the victims.  If plaintiff were to use the property of the victims to pay the Internal Revenue Service or the California Franchise Tax Board, plaintiff would expose herself to personal liability to the victims.

21.     All the funds held by the plaintiff, as trustee, were received as life insurance benefits from life insurance policies on the life of Mr. DeShon.  Mr. DeShon owned the life insurance policies and paid the premiums from a deposit account into which embezzled funds were deposited.  Thus, all the funds held by plaintiff, as trustee, are traceable to the proceeds of the embezzlement.

22.     The United States Department of Justice, Tax Division, has a policy entitled "Tax Claims Against Embezzlers, Swindlers, Etc. v. Recovery by Investors, Dupes and Victims, Etc." Copies of Department of Justice Tax Division Directive 137 and Appendix Z to the Department of Justice Tax Division Settlement Reference Manual are attached and incorporated herein by reference as Exhibits A and B, respectively.  Pursuant to this policy, the funds held by the Trust belong to the victims and should be distributed to the victims ratably.

## PRAYER FOR RELIEF

Therefore, plaintiff requests that:

(a)     Each defendant be restrained from commencing any action against plaintiff for the tax due, for the return of the embezzled property and for any other reason;

(b)     A judgment be entered that the defendants be required to interplead and settle among themselves their rights to the funds held by plaintiff, as trustee, and that plaintiff be discharged from all liability except to the victim-defendants determined to be entitled to the funds; and

First Amended Complaint for Interpleader

682230.1

1          (c)      Plaintiff recovers its litigation costs including attorney fees.

2

3   DATED:  March 4, 2015

                                          BOUTIN JONES INC.
4

5

                                          By:  /s/ Michael E. Chase
6                                                 MICHAEL E. CHASE

7                                         Attorneys for Plaintiff Karen Field, Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint for Interpleader

682230.1