UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KAREN FIELD, TRUSTEE OF THE DESHON REVOCABLE TRUST,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al*.,

Defendants.

No. 2:15-cv-00241-TLN-DB

**ORDER GRANTING MOTION FOR ACCOUNTING AND TO DEPOSIT INTERPLEADER FUNDS**

This matter is before the Court pursuant to Defendant United States of America's ("Defendant")[1] Motion for Accounting and to Deposit Interpleader Funds. (ECF No. 67.) Plaintiff Karen Field ("Plaintiff") opposes the motion (ECF No. 71), and Defendant replied (ECF No. 85). For the reasons set forth below, the Court hereby GRANTS Defendant's Motion for Accounting and to Deposit Interpleader Funds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the trustee of the Henry DeShon Revocable Trust ("Trust"). (ECF No. 67 at 2.) On January 28, 2015, Plaintiff initiated this interpleader action under 28 U.S.C. § 1335 against many defendants who assert claims on the Trust's funds to determine the order in which the funds

[1] Plaintiff brought suit against many individuals and entities. For clarity, the Court will refer to the movant, the United States of America, as Defendant. Two other defendants join the motion, the California Franchise Tax Board and Gary W. Rogers, trustee of the Ann V. Rogers Trust. The Court will refer to these defendants by name.

should be distributed. (ECF No. 1 ¶ 1; ECF No. 56 ¶ 1; ECF No. 67 at 2.) Plaintiff filed her second amended complaint on September 2, 2015. (ECF No. 56.)

Henry DeShon ("DeShon") passed away on March 28, 2009. (ECF No. 67-1 at 2.) In life, DeShon held himself out to be a stockbroker, though he was not licensed in California. (ECF No. 56 ¶ 15.) Following DeShon's death, it was discovered that he had embezzled from his clients, but had not reported the embezzlement income on his tax returns. (ECF No. 71 at 2.) The Trust was funded with life insurance benefits from life insurance policies on the life of DeShon. (ECF No. 56 ¶ 21.) A number of creditors have claims on the Trust's funds, including victims of DeShon's embezzlement, the Internal Revenue Service, and the California Franchise Tax Board. (ECF No. 71 at 2.) Plaintiff initiated this action asking the Court to determine whether the Trust should pay federal and state taxes before compensating DeShon's victims. (ECF No. 67-1 at 2.)

Plaintiff is a California Licensed Professional Fiduciary. (ECF No. 67-2 at 7.) Prior to her appointment as trustee, Plaintiff prepared two accountings for the Trust. (ECF No. 67-2 at 7.) The first accounting covered the period from October 16, 2009, through December 31, 2010. (ECF No. 67-2 at 7.) The second accounting covered the period from January 1, 2011, through April 30, 2013. (ECF No. 67-2 at 7.) That second accounting showed the Trust's funds on hand as of April 30, 2013, totaled $434,716.81. (ECF No. 67-2 at 7, 68.)

Plaintiff was appointed trustee of the DeShon Trust on May 6, 2014, by the Sacramento County Probate Court. (ECF No. 71 at 4.) In both her second amended complaint and her response in opposition, Plaintiff states that the Trust currently holds $379,287.72. (ECF No. 56 ¶ 21; ECF No. 71 at 5.) On April 29, 2016, Plaintiff deposited $304,287.32 of the Trust's funds with the Court. (ECF No. 71 at 6.) Plaintiff retained the difference in anticipation of future expenses of up to $5,000 for the Trust's trustee, $20,000 for the Trust's attorney, and $50,000 for the Trust's litigation counsel. (ECF No. 71 at 5–6.)

Defendant asks the Court to order Plaintiff to produce an accounting for the Trust from February 2014 to present and to deposit all Trust funds with the Court. (ECF No. 67-1 at 6.) Two additional defendants, the California Franchise Tax Board and Gary W. Rogers, trustee of the Ann V. Rogers Trust, join Defendant's motion. (ECF Nos. 68 & 79.)

## II. STANDARD OF LAW

Pursuant to 28 U.S.C. § 1335, district courts have original jurisdiction over interpleader actions where two or more claimants are claiming money or property if, among other requirements, the plaintiff deposits the money, property, or value of loans or other instruments, into the registry of the court, or gives a bond in that amount payable to the clerk of the court. 28 U.S.C. § 1335.

"Deposit of the disputed funds in the court's registry is a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335." *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81–82 (9th Cir. 1982); *see Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) (finding interpleader plaintiff satisfied the requirements of the interpleader statute by, among other requirements, depositing the full amount of the insurance policy proceeds into the registry of the court); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000), *as amended on denial of reh'g and reh'g en banc* (Nov. 3, 2000) (awarding interpleader plaintiff attorney's fees deducted from the deposited funds after plaintiff deposited the full amount of the insurance proceeds with the district court).

## III. ANALYSIS

Plaintiff argues that Defendant's motion to deposit the Trust's funds is moot because Plaintiff has already deposited the funds, minus amounts for anticipated expenses. (ECF No. 71 at 7.) Plaintiff adds that an accounting is unnecessary and that producing one would create an expense for which she would need to be reimbursed, the type of expense for which she set aside money in accounts for the retained funds. (ECF No. 71 at 6–7.)

### A. Deposit of Interpleader Funds

Plaintiff argues that she has already deposited the "subject funds in escrow," mooting Defendant's motion. (ECF No. 71 at 7.) The parties disagree on the definition of "subject funds." Defendant argues that Plaintiff must deposit the entire balance of the Trust with the Court pursuant to § 1335's jurisdictional requirements. (ECF No. 67 at 3.) Plaintiff argues that the "subject funds" are the Trust balance minus the amounts in retained funds accounts to cover *anticipated* administrative expenses, such as trustee fees and attorney's fees. (ECF No. 71 at 7.)

Plaintiff does not cite any authority for the proposition that she may set aside a portion of interpleader funds to cover anticipated expenses. (ECF No. 71 at 7.) Plaintiff does cite several cases which discuss the court's approval of trust expenses which had already been incurred, rather than of funds set aside for anticipated expenses. (ECF No. 71 at 7.) Plaintiff cites *Colorado Wool Marketing Ass'n v. Monaghan*, 66 F.2d 313, 315 (10th Cir. 1933) (allowing payment of reasonable expenses a court ordered receiver had already incurred to maintain a band of sheep which were held in the custody of the court); *Kennebec Box Co. v. O.S. Richards Corp.*, 5 F.2d 951, 951 (2d Cir. 1925) (allowing payment of administrative expenses incurred in setting up a receivership before payment to any creditor, even though payment of those administrative expenses would leave the fund insolvent); *U.S. v. Weisburn*, 48 F.Supp. 393, 397 (E.D. Pa. 1943) (holding that some of the expenses of an insolvent estate, such as administrative and legal fees which the executor had already incurred, had priority over the estate's tax debts); and *Abrams v. U.S.*, 274 F.2d 8, 12 (8th Cir. 1960) (approving a trustee's request for attorney's fees which had been incurred in setting up and managing the trust). (ECF No. 71 at 7.)

Plaintiff's argument, that she is permitted to set aside funds in accounts for those retained funds because some Trust expenses may have priority even over tax claims, is not persuasive. Her authority does not support that proposition but provides examples of payment of expenses for fixed amounts that had already been incurred. Section 1335 requires plaintiffs to deposit funds in their possession with the court when they file interpleader actions. 28 U.S.C. § 1335. Plaintiff has filed this interpleader action asking the Court to determine how to distribute the Trust's assets, and that action requires Plaintiff to deposit all Trust funds with the Court. 28 U.S.C. § 1335; *Gelfgren*, 680 F.2d at 81–82. Plaintiff plans to deposit any remainder with the Court after the case concludes and those anticipated expenses are known and have been paid. (ECF No. 71-5 at 2.) Therefore, those retained funds are Trust funds at stake and Plaintiff must deposit those funds with the Court.

Plaintiff also argues that those providing services to the Trust, including herself, will require funds from the Trust to complete their work. (ECF No. 71 at 7.) "Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex*

*Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984) (citation omitted). "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). The trustee, or other provider of professional services to the Trust, may make a motion for approval or payment of fees or expenses at the appropriate time. *Aetna Life Ins. Co.*, 223 F.3d at1033. Accordingly, the Court GRANTS Defendant's Motion to Deposit Interpleader Funds (ECF No. 67).

B. Trust Accounting

Plaintiff argues that there is no legal basis for ordering an accounting. (ECF No. 71 at 6–7.) Plaintiff adds that her statements regarding the Trust's balance have been consistent as she reported the same balance in her seconded amended complaint as she did in her subsequent response in opposition to Defendant's motion, $379,287.72. (ECF No. 71 at 8). Plaintiff's original complaint alleged the trust contained $434,716.81. (ECF No. 67-1 at 2.)

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) (citing *Brea v. McGlashan* (1934) 3 Cal. App. 2d 454, 460; 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 819, p. 236). An accounting is also available where "the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Meixner v. Wells Fargo Bank, N.A.*, 101 F.Supp. 3d 938, 961 (E.D. Cal. 2015) (citing *Brea*, 3 Cal. App. 2d at 460). "An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Id*. (quoting *Teselle*, 173 Cal. App. 4th at 179).

Here, Defendant asserts a claim for $133,392.12 which Defendant argues has priority over other claims on the Trust. (ECF No. 71 at 8.) The California Franchise Tax Board ("CFTB"), which joins Defendant's motion, asserts a claim in the amount of $41,227.37. (ECF No. 68 at 1–2.) Both Defendant and CFTB claim fixed amounts and both claims combined total less than the lowest reported value of the Trust's assets. Neither Defendant's nor CFTB's recovery depends on

determining whether the Trust's value is $434,716.81 or $379,287.72, and neither is entitled to an accounting. *Teselle*, 173 Cal. App. 4th at 179.

Defendant, Gary W. Rogers ("Rogers"), the trustee of the Ann V. Rogers Trust, also joins Defendant's motion. (ECF No. 79 at 1–2.) Plaintiff's second amended complaint alleges that Sacramento County Superior Court found that the Ann V. Rogers Trust is a victim of DeShon's embezzlement and is owed $100,000. (ECF No. 56 ¶ 16.) Plaintiff alleges that the state court identified a number of other victims of DeShon's embezzlement and that the total amount owed to all victims (excluding both Defendant's and CFTB's claims) exceeds the highest reported value of the Trust. (ECF No. 56 ¶ 16.) Recovery for Rogers will likely be a percentage of the amount owed based on a share of the Trust and, therefore, does depend on the value of the Trust and can only be ascertained by an accounting. Accordingly, defendant Rogers is entitled to an accounting and the Court GRANTS Defendant's Motion for an Accounting. *Meixner*, 101 F.Supp. 3d at 961; *Teselle*, 173 Cal. App. 4th at 179.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Court GRANTS Defendant's Motion to Deposit Interpleader Funds (ECF No. 67), and ORDERS Plaintiff to deposit all Trust funds into the registry of this Court within 14 days of the date of this Order; and
2. The Court GRANTS Defendant's Motion for an Accounting (ECF No. 67) for the Trust from February 2014 to present, and ORDERS Plaintiff to produce an accounting within 60 days of the date of this Order.

IT IS SO ORDERED.

Dated: July 13, 2017

Troy L. Nunley
United States District Judge