UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN FIELD, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:15-cv-00241-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Karen Field's ("Plaintiff") Motion for Attorneys' Fees and Costs. (ECF No. 149.) Defendant United States ("Defendant") filed an opposition. (ECF No. 157.) Plaintiff filed a reply. (ECF No. 167.) For the reasons set forth below, the Court hereby GRANTS in part and DENIES in part Plaintiff's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a professional fiduciary licensed by the State of California, is the court-appointed Trustee of the DeShon Revocable Trust (the "Trust"). (ECF No. 56 at 3.) The settlor of the Trust was Henry DeShon, who is now deceased. (ECF No. 56 at 3.) During his life, Mr. DeShon embezzled funds from certain claimants in the instant action and placed the embezzled funds in the same account from which he drew funds to purchase and maintain life insurance policies on his life. (ECF No. 143 at 2.) Mr. DeShon named the Trust as the beneficiary of the life insurance policies, and the Trust therefore received the insurance proceeds following Mr. DeShon's death. (ECF No. 56 at 3.)

Plaintiff alleges that several victims and creditors filed claims for the funds in probate court and that at least part of the funds may be owed to Defendant as unreported tax on the embezzlement income. (ECF No. 56 at 3–4.) According to Plaintiff, the total amount of claims exceeds the amount of the funds. (ECF No. 56 at 3–4.) As of July 26, 2017, Plaintiff deposited $380,965.70 of the funds with the Court such that she is no longer in possession of any Trust assets. (ECF No. 108 at 4–5.)

Plaintiff filed a motion for discharge (ECF No. 142) and motion for attorneys' fees (ECF No. 149). On December 20, 2019, the Court granted Plaintiff's motion for discharge and deferred ruling on Plaintiff's motion for attorneys' fees. (ECF No. 174 at 9.) The Court ordered Plaintiff to submit a declaration that clarifies the requested fees and costs, including a total amount and description of charges related to each compensable task as well as the total amount of compensable expenses allotted to each attorney. (*Id.*) Plaintiff filed the declaration on January 16, 2020. (ECF No. 177.) Defendant filed a response on January 23, 2020. (ECF No. 179.)

## II. STANDARD OF LAW

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). A court cannot grant fees incurred in asserting an interest in the deposited funds on behalf of the plaintiff-stakeholder, and fee awards may not cover costs included in litigating the merits of the adverse claimants' positions. *Id.* The

Ninth Circuit has found that attorneys' fee awards in an interpleader action are limited to fees that are incurred in filing the interpleader and pursuing the plaintiff-stakeholder's release from liability. *Id.* "Compensable expenses include . . . preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Id.* at 426–27. As such, "attorneys' fee awards to the 'disinterested' interpleader plaintiff are typically modest." *Id.* at 427; *see also State Farm Life Ins. Co. v. Cai*, 2013 WL 4782383, at *3 (N.D. Cal. Sept. 6, 2013) ("$25,000 out of a $304,000 fund is excessive."). Further, "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Tise*, 234 F.3d at 427.

### III. ANALYSIS

Plaintiff seeks $109,774.55 in attorneys' fees, $2,655.77 in litigation costs, and $1,450 in trustee's fees, for a total of $113,880.32 from the interpleaded fund of $380,965.70. (ECF No. 177 at 4.) In opposition, Defendant argues that the Court should limit the fee award to $32,787. (ECF No. 179 at 1.) The Court will address the reasonableness of Plaintiff's hourly rates and hours expended in turn.

#### A. Hourly Rates

The fee applicant has the burden of producing satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services of attorneys of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The trial court may use its own knowledge of the local legal market to determine the hourly rate. *Ingram v. Oroudjian*, 647 F.3d. 925, 928 (9th Cir. 2011) (holding that district court did not abuse its discretion by relying, in part, on its own knowledge and experience in setting an hourly rate).

Plaintiff seeks blended rates ranging from $350 per hour to approximately $400 per hour, which fall within the prevailing rates for this community. *See*, *e.g.*, *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016). Defendant does not dispute the reasonableness of Plaintiff's hourly rates. Based on the foregoing, the Court finds that Plaintiff's

requested hourly rates are reasonable.

B. <u>Hours Expended</u>

Because Plaintiff can only recover certain "compensable expenses" pursuant to *Tise*, the Court ordered counsel to submit a declaration identifying the total amount and description of expenses related to each task or category of tasks that Plaintiff believes to be compensable. (ECF No. 174 at 9.) Accordingly, Plaintiff filed a supplemental declaration in which she categorizes hours expended as follows: (1) hours for determining the appropriateness of an interpleader; (2) hours for preparing and amending the Complaint; (3) hours for service of Complaint; (4) hours for discovery; and (5) hours for preparing motions for interpleader, discharge, and attorneys' fees. (ECF No. 177 at 4.) The Court will address each category in turn.

*i. Hours for Determining the Appropriateness of an Interpleader*

Plaintiff requests $7,966.50 for 19.8 hours spent determining the appropriateness of the interpleader, which includes hours spent "researching the United States Department of Justice, Tax Division, Victim's policy, researching whether an embezzler obtains title to embezzled funds . . . researching the tracing rules regarding embezzled funds, coordinating the filing of the decedent's income tax returns." (ECF No. 177 at 2.) In opposition, Defendant argues that Plaintiff's requested fees for this category are not compensable. (ECF No. 179 at 4–5.)

The Court agrees with Defendant. The expenses in this category seem to relate to Plaintiff's duties as trustee and her attempts to determine how the decedent's embezzlement affects title to the funds and tax liability. Even assuming as Plaintiff suggests that this case presents "complex issues," the purpose of filing an interpleader and seeking discharge from liability and dismissal from the case is to *prevent* Plaintiff from having to resolve those issues. (*See* ECF No. 154 at 6.) Plaintiff fails to demonstrate that the expenses in this category are associated with the interpleader action itself as opposed to litigating the merits of the adverse claimants' positions, the latter of which is not compensable in an interpleader action. *See Tise*, 234 F.3d at 426. The Court thus finds that the fees in this category are not compensable and declines to award Plaintiff the requested $7,966.50.

///

4

*ii. Hours for Preparing and Amending the Complaint*

Plaintiff requests $10,627 for 23.5 hours spent preparing and amending the Complaint. (ECF No. 177 at 4.) Defendant does not oppose the requested fees in this category. (ECF No. 179 at 4). Pursuant to *Tise*, preparing an interpleader complaint qualifies as a compensable expense. 234 F.3d at 426–27. Therefore, the Court awards Plaintiff $10,627 for this category because the expenses requested are compensable and reasonable.

*iii. Hours for Service of the Complaint*

Plaintiff asserts that service of the Complaint was challenging based on the dozens of parties involved, many of which were *pro se*. (ECF No. 154 at 7–9; ECF No. 177 at 2–3.) Accordingly, Plaintiff requests $16,629.55 for 47.48 hours spent on service of the Complaint, including preparation of two motions for extension of time to serve and one motion to serve by publication. (ECF No. 177 at 4.) In opposition, Defendant argues that Plaintiff's request is unreasonable. (ECF No. 179 at 5.) Defendant argues instead that $7,000 (20 hours at the blended rate of $350 per hour) would be a reasonable amount for this category. (ECF No. 179 at 5.)

Under *Tise*, serving claimants with an interpleader complaint qualifies as a compensable expense. 234 F.3d at 426. The thrust of Defendant's opposition is that service should not have been particularly challenging because every claimant in the interpleader, except the two taxing authorities, already appeared and filed claims in the probate proceeding. (ECF No. 157 at 12–13.) Notably, Plaintiff does not dispute Defendant's assertion. The Court agrees with Defendant that Plaintiff should not have needed almost fifty hours to serve the Complaint even if service was more challenging than usual. Moreover, Plaintiff contends that a paralegal performed the "vast majority" of the work on issues related to service and that "Plaintiff is not seeking reimbursement of paralegal services." (ECF No. 167 at 8.) For these reasons, the Court finds that the requested fees in this category are unreasonable, and the Court awards $7,000 based on 20 hours at a blended rate of $350 per hour.

*iv. Hours for Discovery*

Plaintiff requests $30,852 for 72.6 hours spent on discovery-related matters, such as initial disclosures, discovery plan, and responding to Defendant's motion to deposit funds and order for

5

accounting. (ECF No. 177 at 4.) Defendant contests Plaintiff's fees in this category. (ECF No. 179 at 5.) More specifically, Defendant argues that Plaintiff's requested fees are not compensable because "these services were aimed to protect the Plaintiff and to withhold $75,000 (for fees) from the interpleader fund" and that "Plaintiff chose to spend hours on reviewing decedent's records for privilege, which review is not necessary in an interpleader." (ECF No. 179 at 5.)

Plaintiff fails to demonstrate that the requested fees for this category qualify as compensable expenses under *Tise*. *See* 234 F.3d at 426–27. First, Plaintiff fails to explain why it was necessary to prepare for discovery after Plaintiff filed the interpleader with the goal of seeking discharge of liability and dismissal from the case. Second, expenses stemming from Plaintiff's opposition to Defendant's motion to deposit funds appear to have been incurred solely to protect Plaintiff's interest in withholding fees from the interpleader fund. As it is, the expenses appear to fall within those categories that are explicitly *not* compensable under *Tise* because those expenses seem to have been incurred to protect Plaintiff's interests and/or litigate the claims. *See id.* Therefore, the Court finds that the fees in this category are not compensable and declines to award Plaintiff the requested $30,852.

*v.   Hours for Motions for Discharge and Attorneys' Fees*

Plaintiff requests $43,699.50 for 115.1 hours spent preparing motions for interpleader, discharge, and attorneys' fees. (ECF No. 177 at 4.) In opposition, Defendant argues that Plaintiff's request is unreasonable. (ECF No. 179 at 5.) Defendant asserts that $15,160 (40 hours at the blended rate of $379 per hour) is a reasonable amount for this category because "these are routine motions and that the amount of time spent (almost 3 weeks of full-time work by one individual), given the expertise of all attorneys involved, is excessive." (ECF No. 179 at 5.)

The Court agrees with Defendant. Although "preparing an order discharging the plaintiff from liability and dismissing it from the action" is a compensable expense, *Tise* is silent as to whether preparing a motion for attorneys' fees is compensable in an interpleader action. 234 F.3d at 426–27. Even assuming preparing both motions was compensable, Plaintiff fails to explain why it took Plaintiff's senior attorneys and partners 115.1 hours to prepare what appear to be routine motions. Thus, the Court finds that the requested fees in this category are unreasonable,

1 | and the Court awards $15,160 based on 40 hours at a blended rate of $379 per hour.

In sum, the Ninth Circuit established a narrow scope of compensable expenses for interpleader actions based largely on the "important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.* at 427. As a result, fee awards in interpleader actions are typically modest. *Id.*; *see also Chase Inv. Servs. Corp. v. Law Offices of Jon Divens & Assocs., LLC*, No. CV-099-152-SVW-MAN, 2010 WL 11597568, at *5 (C.D. Cal. June 10, 2010) ("Absent special circumstances, fee awards to the disinterested stakeholder generally fall below $10,000; the Court has not found any case awarding a fee greater than $30,000."). Plaintiff's request for $109,774.55 in attorneys' fees is not only exorbitant on its face, but it also consists of various expenses that Plaintiff fails to justify under *Tise*. Arguably, even Defendant's recommendation of $32,787 is excessive in light of the straightforward nature of an interpleader action. However, the Court will award Plaintiff $32,787 in attorneys' fees, which includes $10,627 for preparing and amending the Complaint, $7,000 for service of the Complaint, and $15,160 for preparing motions for interpleader, discharge, and attorneys' fees.

### C. Costs and Trustee's Fees

"In an interpleader action, it is within the court's discretion to award costs to the stakeholder." *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 82 (9th Cir. 1982). Here, Plaintiff requests $2,655.77 in costs and $1,450 in trustee's fees. (ECF No. 154 at 19–20.) As to costs, Plaintiff's billing records show that $2,655.77 in costs were incurred for filing fees and process server fees. (ECF No. 150 at 10–12.) As to trustee's fees, California law states that a trustee is entitled to reasonable compensation. Cal. Prob. Code § 15681. Defendant does not object to the requested costs or trustee's fees. The Court therefore grants the requested costs and trustee's fees.

///
///
///
///

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Attorneys' Fees. (ECF No. 149.) The Court hereby awards Plaintiff $32,787 in attorney fees, $2,655.77 in costs, and $1,450 in trustee's fees to be paid from the fund.

IT IS SO ORDERED.

Dated: February 21, 2020

Troy L. Nunley
United States District Judge